USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

SUSTAINABLE OPPORTUNITIES ACQUISITION
CORP. n/k/a TMC THE METALS COMPANY, INC.

                       Plaintiff,

               -against-

RAMAS CAPITAL MANAGEMENT LLC, RAMAS
ENERGY OPPORTUNITIES I, L.P., and RAMAS
ENERGY OPPORTUNITIES I GP, LLC,

                       Defendants.

-------------------------------------------------------------------- X

1:21-cv-7642-GHW

ORDER TO SHOW CAUSE

GREGORY H. WOODS, District Judge:

       Plaintiff commenced this action on September 14, 2021 against the above-captioned defendants. As the basis for this Court's subject matter jurisdiction, plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ("Compl.") ¶ 7. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

       Ramas Capital Management LLC and Ramas Energy Opportunities I GP, LLC are limited liability companies. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). In addition, Ramas Energy Opportunities I, L.P. is a

limited partnership. In *Carden v. Arkoma Associates,* the Supreme Court held that the citizenship of all the partners of a limited partnership must be taken into account for the purposes of determining diversity jurisdiction. *Id.* at 494 U.S. 185, 195–96 (1990).

Plaintiff fails to properly allege the citizenship of the partners of Ramas Energy Opportunities I, L.P. It similarly fails to properly alleged the citizenship of the members of Ramas Capital Management LLC and Ramas Energy Opportunities I GP, LLC. Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE by September 20, 2021 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: September 15, 2021  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge